# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-0082-KKC

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                                    **PLEA AGREEMENT**

KEVIN EUGENE PROFIT JR.                                                        DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), distribution of 50 grams or more of methamphetamine (actual), and Count 3, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 50 grams or more of methamphetamine (actual). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2.

2. The essential elements of Count 1 are:

    (a)   The defendant knowingly and intentionally distributed methamphetamine (actual),

    (b) The defendant knew the substance was a controlled substance, and

    (c) The amount was 50 grams or more of methamphetamine (actual).

The essential elements of Count 3 are:

    (a) The defendant knowingly and intentionally possessed a controlled substance, namely methamphetamine (actual),

  (b) The defendant intended to distribute the controlled substance to another person, and

  (c) The amount was 50 grams or more of methamphetamine (actual).

3. As to Counts 1 and 3, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

  (a) On or about June 8, 2022, DEA utilized a confidential informant and made a controlled purchase of suspected methamphetamine from the Defendant, in Lexington, in the Eastern District of Kentucky. DEA Lab testing confirmed the substance contained 88.3 grams of actual methamphetamine.

  (b) On or about July 6, 2022, law enforcement conducted a traffic stop of the Defendant upon his return from Michigan. Upon interacting with the Defendant, officers detected a strong odor of marijuana and began a probable cause search of the vehicle. The search of the vehicle resulted in the recovery of approximately 21.8 grams of suspected fentanyl in the center console and the Defendant stated the suspected fentanyl belonged to him.

  (c) During the stop, the Defendant was given his Miranda rights warning and agreed to answer questions by law enforcement. Defendant admitted that he was in possession of a large quantity of methamphetamine at his apartment in Madison County, in the Eastern District of Kentucky. Defendant signed a consent to search of the apartment. A search of the apartment resulted in the recovery a suitcase containing two plastic bags, one bag contained suspected crystal methamphetamine, and the other bag contained a large quantity of suspected methamphetamine. Also in the kitchen area, three firearms (a Phoenix Arms, HP25A, 25 caliber pistol, and a Phoenix Arms 22A .22 caliber pistol, and a Fire Star Inter Arms 9mm pistol) were recovered.

  (d) The methamphetamine was submitted to the DEA Lab for testing and determined to be 1625 grams of actual methamphetamine.

4. The statutory punishment for Counts 1 and 3 are imprisonment for not less than 10 years, a fine of not more than $10,000,000, and a term of supervised release of not less

than 5 years. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in Paragraph 3 and the provided discovery materials.

   (c) Pursuant to U.S.S.G. § 2D1.1(c)(2), the base offense level is 36.

   (d) Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the base offense level by 2 levels because the Defendant possessed a dangerous weapon.

   (e) Pursuant to U.S.S.G. § 2D1.1(b)(12), increase the base offense level by 2 levels because the Defendant maintained a premises for distribution and storing a controlled substance.

   (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 3 levels for the Defendant's acceptance of responsibility based on the Defendant=s timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant retains the right to appeal his sentence. Except for claims of ineffective

assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. The

Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts,

partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 2/3/26 ~~12/5/25~~    By: *(signature)*
Ronald L. Walker Jr.
Assistant United States Attorney

Date: 2/3/25    *(signature)*
Kevin Eugene Profit Jr.
Defendant

Date: 2/3/26    *(signature)*
John Helmuth
Attorney for Defendant